IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WINDSTREAM CORPORATION                                              PLAINTIFF

vs.                                    NO: 4:07CV1158 BSM

COMMUNICATION WORKERS OF
AMERICA, AFL-CIO                                                    DEFENDANT

## ORDER

Before the court is Plaintiff's request for dismissal and Defendant's response. Based upon the applicable law, the record, and for the reasons set forth below, the court is convinced that Plaintiff's request is well-taken and should be granted.

### I. BACKGROUND

Plaintiff was created in 2006 when Alltel Corporation's landline business merged with the landline operation of Valor Communications Group, Inc. As a result, Plaintiff became the successor in interest to a collective bargaining agreement that was entered between Valor and Defendant, which ran from 2005 to February 28, 2008 ("2005 CBA"). The 2005 CBA contained a memorandum of agreement requiring Valor to remain neutral during Defendant's attempt to organize Valor's employees.

After the merger which created Plaintiff, Defendant attempted to organize Plaintiff's employees who previously worked for Alltel. Plaintiff objected and argued that the memorandum of agreement did not cover the employees who worked at the former Alltel properties. Defendant disagreed and filed a grievance

which was heard by Arbitrator William L. McKee on July 31, 2007.

On October 31, 2007, the arbitrator upheld Defendant's grievance and determined that the memorandum of agreement between Defendant and Valor was enforceable against Plaintiff. The arbitrator also found that the memorandum of agreement applied to all of the Plaintiff's workplaces and call centers.

Plaintiff filed a motion to vacate, modify or correct the arbitration award, under 9 U.S.C. §§ 10-11, arguing that the arbitrator exceeded or misused his powers, such that the award contravenes the plain and unambiguous terms of the 2005 CBA. Plaintiff also alleged that the award fails to draw its essence from the 2005 CBA and was made in manifest disregard of the law. In response, Defendant filed a motion to confirm and enforce the arbitration award under 29 U.S.C.§ 185 and 9 U.S.C. § 9 or in the alternative, for summary judgment.

On January 22, 2008, Defendant filed a motion for a temporary restraining order and preliminary injunction. Defendant stated that the term of the 2005 CBA, including the neutrality and consent memorandum of agreement, was scheduled to terminate on February 28, 2008. Defendant contended that Plaintiff refused to comply with the arbitration award pending the outcome of this suit, and that the mere passage of time threatened to render the arbitration award moot. Defendant stated that it wanted to pursue organizing efforts under the memorandum of agreement contained in the 2005 CBA, but that Plaintiff had refused to abide by the arbitration award which made the memorandum of agreement applicable to all of Plaintiff's eligible employees. Defendant asked the court to direct Plaintiff to cease

and desist from refusing to comply with the arbitration award.

Plaintiff denied Defendant's assertions and no action was taken on Defendant's request for interim relief until April 3, 2008. On that day, the judge to whom this case was originally assigned wrote a letter to counsel requesting a status report.[1] In response to the court's request, both parties confirmed that the 2005 CBA, including the memorandum of agreement, expired on February 28, 2008. Indeed, the memorandum of agreement provides in pertinent part:

> This Memorandum of Agreement is effective on March 1, 2005 and shall expire on February 28, 2008. The parties specifically agree that all the terms and conditions set forth in this Memorandum of Agreement shall also expire on February 28, 2008 and shall not survive the expiration of this Memorandum of Agreement, unless agreed to by the parties in writing.

Plaintiff and Defendant entered into a new collective bargaining agreement that became effective on February 29, 2008 and expires on February 28, 2011 ("2008 CBA"). The 2008 CBA did not adopt the neutrality and consent memorandum of agreement contained in the 2005 CBA and contains no language concerning neutrality and consent elections.

By letter to the court, Plaintiff has asked the court to dismiss this case because it is now moot, as a result of the 2008 CBA. Defendant counters that the court should not dismiss the case, but should enter an order enforcing the arbitration award and requiring Plaintiff to honor the neutrality and consent

---

[1] The case was previously assigned to the Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas. The case was transferred to the undersigned on April 23, 2008.

election procedure set forth in the memorandum of agreement for a prospective period of time. Defendant has requested leave to amend its pleadings consistent with this proposition. Although Plaintiff has failed to brief the issue, Defendant has filed a thorough brief citing the court to a number of cases that it argues supports its position.

## II. ANALYSIS

Federal courts may adjudicate only actual, ongoing cases or controversies and a controversy must be live when the court decides the issues. "A moot case calls into question Article III's case or controversy requirement; therefore, we must first consider and rule upon the mootness question this case presents." *Missouri v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998) (citations and internal quotations omitted). Federal courts lack power to decide the merits of a case that is moot. *Id.*

The court has reviewed the cases cited by Defendant in its brief. *See United Automobile Workers Local 1369 v. Telex Computer Products*, 816 F.2d 519 (10th Cir. 1987)(expiration of collective bargaining agreement does not terminate rights and obligations arising under the contract during its term); *Local Union 77, International Brotherhood of Electrical Workers v. Puget Sound Power and Light Company*, 506 F.2d 523 (9th Cir. 1974)(strong federal policy favoring arbitration and therefore award is not moot, even though facts giving rise to the award no longer exist); *General Dynamics Corporation v. Local 5, Industrial Union of Marine and Shipbuilding Workers of America*, 469 F.2d 848 (1st Cir. 1972)(enforcing arbitration award because there was a possibility of issue in dispute would occur

again); and *Pacific Maritime Assn. v. International Longshoremen's and Warehousemen's Union*, 454 F.2d 262 (9th Cir. 1971)(holding that the expiration of the collective bargaining agreement underlying the arbitration award did not render award mood because it was not clear that the issue presented would not rise again). Defendant further relies on *Teamsters Local 164 v. Allied Waste Systems, Inc.*, 512 F.3d 211, 222 (6th Cir. 2008) and *New Orleans Steamship Association v. General Longshore Workers Local Union No. 1418 et al.*, 486 F.Supp. 409 (E.D. La. 1980) to support its assertion that the court can fashion a remedy to give validity to the award. The court is unpersuaded by these cases because they are distinguished from the present case. None of these cases involved an arbitration award that was in direct conflict with a newly entered collective bargaining agreement that was not before the arbitrator at the time the arbitrator made his decision.

The court is convinced that this case is similar to *United Food & Commercial Workers Union Local No. 911, AFL-CIO & CLC v Silgan Can Co.*, 417 F. Supp. 2d 937 (N. D. Ohio 2006). In *United Foods*, the court held that "judicial economy counsels against confirming an award where it 'does not effect the present relations of the parties.'" *Id.* at 940 (*quoting Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484, 492 (1st Cir. 1983). The court further held that "[w]here an arbitrator's award conflicts with a newly negotiated collective bargaining agreement that was not before the arbitrator, the contract, not the award, controls the relations of the parties during the term of the new contract." *Id.* (*citing Int'l Chem. Workers Union, Local 277 v. BASF Wyandotte Corp.*, 774 F. 2d 43, 45-46 (2d Cir. 1984);

*Local 144, Hotel, Hosp., Nursing Home & Allied Health Serv. Union v. Metro. Jewish Geriatric Ctr.*, 1977 WL 1640, 94 L.R.R.M. at 3515, 3151-52 (S. D. N.Y. 1977). Indeed, the court held that "[a] new CBA with materially different terms supercedes an arbitrator's award that was based on a previous contract." *Id.* at 941.

In the present case, the 2008 CBA supercedes the arbitrator's award because it has materially different terms than the 2005 CBA upon which the arbitrator based his decision. The arbitrator's award required Plaintiff to comply with the memorandum of agreement contained in the 2005 CBA, which required Plaintiff to remain neutral while Defendant attempted to organize Plaintiff's employees. The 2008 CBA, which was not in effect at the time the arbitrator made his decision, does not require Plaintiff to remain neutral. The arbitration award is in direct conflict with the 2008 CBA. And, because the 2008 CBA has materially different terms, it is the document that controls the actions of the parties, not the arbitration award.

For these reasons, the Court hereby dismisses this case as moot and denies all pending motions.

IT IS SO ORDERED this 9th day of May, 2008.

UNITED STATES DISTRICT JUDGE